UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61016-CIV-COHN/HOPKINS

KEVIN McCARTHY,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,
AMERICAN EAGLE AIRLINES, INC.,
and EXECUTIVE AIRLINES, INC.,

    Defendants.
_____/

**ORDER GRANTING MOTIONS TO DISMISS AND
GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon each Defendant's Motion to Dismiss [DE 31, 32, and 33]. The Court has considered the Motions, the Plaintiff's Responses thereto [DE 34, 35, and 36], and Defendants' Replies [DE 39, 40, and 41], and is otherwise fully advised in the premises.

For the second time in this litigation,[1] Defendants each challenge the Complaint on the basis that it does not adequately separate out the allegations against each Defendant, pursuant to Fed. R. Civ. P.10(b). Rule 10(b) provides as follows:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials

---

[1] In response to the first set of Motions to Dismiss, Plaintiff agreed to file an Amended Complaint, separating out each count of the Complaint as it pertained to each individual Defendant, in effect making a two-count complaint into a six-count complaint. This Court granted leave for Plaintiff to file this Amended Complaint, and it is now the operative Complaint in this action.

shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Defendants appear to argue in these Motions that by making factual allegations about all three Defendants in a single paragraph, Plaintiff violates this rule and makes it impossible for each Defendant to separately respond to the allegations against it. Upon a review of the Amended Complaint, it appears that paragraphs 6, 7, and 8 are the only remaining paragraphs that include allegations regarding "Defendants American Airlines, Inc., American Eagle Airlines, Inc. and/or Executive Airlines, Inc." as a group.

Plaintiff responds, again, that because he does not know which of the three Defendants was responsible for each of the alleged actions, he is simply pleading his claims in the alternative, which is permissible. See Banco Continental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 513 (5th Cir. 1969). However, it is true that these factual allegations could presumably be made as individual paragraphs under each claim for each Defendant, which may better facilitate the clarity of the issues in the case.[2] Plaintiff expresses a willingness to file another Amended Complaint to correct any remaining problems. In light of this representation, and the Court's conclusion that such an Amended Complaint would bring the Complaint into compliance with Rule 10(b), it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss are

---

[2] The Court finds Defendants' representations that they are "unable to determine" which claims are applicable to each of them dubious at best. However, in light of the fact that the proposed amendments set out in this Order will cure any possible defect in the technical pleading of Plaintiff's Complaint, the Court is confident that Defendants will have no further difficulty in understanding the Complaint and filing their respective Answers.

**GRANTED** as to the operative Complaint in this matter.  It is further

**ORDERED AND ADJUDGED** that Plaintiff shall file an Amended Complaint on or before **December 21, 2007**, stating each factual allegation against each Defendant separately, as outlined above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of December, 2007.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record