UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO.: 07-61016-CIV-COHN/HOPKINS

KEVIN MCCARTHY,

       Plaintiff,

vs.

AMERICAN AIRLINES, INC.
AMERICAN EAGLE AIRLINES, INC. and
EXECUTIVE AIRLINES, INC.,

       Defendants.
_____/

## STIPULATED CONFIDENTIALITY ORDER

The parties to this action hereby stipulate and agree, through their respective counsel, and subject to the approval of the Court, that the following Confidentiality Order be entered in this action.

IT IS HEREBY ORDERED:

**Non-Disclosure of Stamped Confidential Documents.**

1. Any party who has endorsed or joined this Confidentiality Order and who is required to produce documents or information responsive to discovery requests in the litigation (the "Producing Party"), may designate as "Confidential" any documents or other forms of information which the Producing Party reasonably and in good faith believes contain or constitute confidential or proprietary business information or trade secrets ("Confidential Information").

2.     For purposes of this Order, the term "document" means all written, recorded, or graphic materials, whether produced or created by a party or another person, whether produced pursuant to the Florida Rules of Civil Procedure, subpoena, by agent or otherwise.

3.     The parties hereto intend that all Confidential information shall be used for litigation purposes only. For purposes of this Confidentiality Order, "litigation" shall be defined as the above-styled matter.

4.     Production of documents and things for the purpose of inspection and copying shall not constitute a waiver of confidentiality. When information not initially designated as "Confidential" is later so designated, each party shall make a reasonable effort to retrieve documents containing the later-designated Confidential information, but no sanction shall be imposed upon a party for any disclosure of the later-designated Confidential Information made prior to the party receiving written notification of later designation of the information as "Confidential."

**Permissible Disclosure.**

5.     Notwithstanding paragraphs 1-4, the Confidential Information may be disclosed to the following persons:

    (a)   Counsel of record, as defined in paragraph 5(k) below;

    (b)   named parties in this litigation, including any officers, directors or employees of any party (including in-house counsel);

    (c)   any expert, consultant, or other agent retained by the parties or their counsel to assist in the Litigation, including translators;

    (d)   the Court;

    (e)   Special Masters appointed by the Court;

(f) persons called as witnesses at deposition or at trial in the litigation;

(g) persons with prior knowledge of the documents or the Confidential Information contained therein; and their agents;

(h) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(j) such other persons agreed to by all parties in writing or ordered by the Court;

(k) for purposes of this Confidentiality Order, "counsel of record" includes the following persons and entities; to the extent they are actually involved in the litigation:

    (a) Any law firm listed as counsel of record with the Clerk of the Court in the Litigation;

    (b) partners employed by each such law firm;

    (c) other attorneys employed by each such law firm;

    (d) such persons regularly employed in the offices of each such law firm as are necessary to perform secretarial, paralegal, law clerk, document production services or other similar functions;

    (e) employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing or retrieving data or designating programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system and to employees of third-party contractors performing one or more of these functions;

    (f) any court reporter or videographer engaged to record a statement, deposition or court proceeding in the Litigation;

    (g) employees of any company, firm or individual retained by each such law firm to reproduce documents for use in accordance with this Confidentiality Order; and

  (h)  The law firms for any non-parties should they be able to produce discovery or testify at trial in the Litigation and their legal, paralegal and clerical staff.

6. This Confidentiality Order is not intended to apply to information which, in fact, has not been maintained on a confidential basis. Acceptance of information designated Confidential does not waive the party's right to challenge the confidentiality designation. This Confidentiality Order shall not be construed as an admission with respect to the authenticity, competency, relevance or materiality of any document or thing designated as confidential.

**Declassification.**

7. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as Confidential is not entitled to such status and protection. Counsel for the non-moving party shall be given notice of the application and an opportunity to respond. To maintain Confidential status, the party marking a document Confidential must show by preponderance of the evidence that there is good cause for the document to have such protection.

8. Any party wishing to divulge documents or information designated by another party as Confidential to persons other than those identified in paragraph 5 may do so without Court ordered relief if the requesting party sends written notice to counsel for the producing party through counsel and the Producing Party does not object to use within seven (7) business days (or any shorter period agreed to by counsel for the affected parties) after the notice is received by the Producing Party. If the Producing Party objects within seven (7) business days, the requesting party must seek relief from the Court.

9. The Producing Party may at any time remove the Confidential Designation from any information the producing party has designated as Confidential.

CASE NO. 07-61016-CIV-COHN/HOPKINS

**Confidential Information at Deposition.**

10. If depositions which were conducted in this Litigation involve Confidential Information, the portions of said depositions involving such information will be taken with no one present other than the persons identified in paragraph 5 as appropriate.

11. When Confidential Information is the subject of testimony at a deposition, the parties will advise persons present at the taking of the deposition not to disclose the testimony regarding such Confidential information to any persons other than the persons identified in paragraph 5 above, but in no event shall the parties be responsible for monitoring or insuring the compliance by said persons.

**Confidential Information at the Trial.**

12. Subject to the Federal Rules of Evidence, stamped Confidential documents and other Confidential Information may be offered in evidence at trial or any court hearing by any party. Any party can move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

13. Any deposition transcripts, exhibits, or other documents or material stamped Confidential that are filed with the Court shall be filed in sealed envelopes with the Clerk's Office that are marked "CONFIDENTIAL - - THIS ENVELOPE IS NOT TO BE OPENED EXCEPT UPON DIRECTION OF THE COURT."

**Use.**

14. Persons obtaining access to stamped Confidential documents under this Order shall be provided with a copy of this Confidentiality Order and will use the information only for

CASE NO. 07-61016-CIV-COHN/HOPKINS

preparation or trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial or administrative or judicial proceedings.

15. The parties agree to be bound by the terms of this Confidentiality Order pending the execution and issuance of the Order by the Court.

**Non-Termination.**

16. The provisions to this Order shall not terminate at the conclusion of this Litigation. Within 120 days after final conclusion of all aspects of this Litigation, and upon written demand by the Producing Party, documents designated as Confidential and all copies and extracts thereof, shall be returned properly to the Producing Party or destroyed at the option of the Producing Party, except for attorney work product which contains Confidential Information which shall be destroyed.

**Modification Permitted.**

17. The foregoing Confidentiality Order may be amended by agreement of the parties and order by the Court. Additional parties may endorse this Order and produce Confidential Information pursuant to this Court Order after its entry without further action by the Court.

CASE NO. 07-61016-CIV-COHN/HOPKINS

Acknowledgement.

| Kelly David Hancock | Gregory M. Palmer |
| --- | --- |
| Florida Bar No. 203602  492138 | Florida Bar No. 784796 |
| Krupnick Campbell Malone et al | Rumberger, Kirk & Caldwell |
| Courthouse Law Plaza | Brickell Bayview Centre, Suite 3000 |
| 700 SE 3rd Avenue | 80 S.W. 8th Street |
| Suite 100 | Post Office Box 01-9041 |
| Fort Lauderdale, FL 33316-1186 | Miami, Florida 33101 |
| Telephone: 954-763-8181 | Telephone: (305) 358-5577 |
| Telecopier: 954-763-8292 | Telecopier: (305) 371-7580 |
| Email: khancock@krupnicklaw.com | Email: gpalmer@rumberger.com |
| Attorney for Plaintiff. | Attorney for Defendants |

**DONE AND ORDERED** in chambers at Southern District of Florida, Miami, Florida this 7 day of APRIL, 2008.

United States District Judge Cohn

Copies provided to:
All counsel of record

645787