UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61016-CIV-COHN/HOPKINS

*SCANNED*

KEVIN McCARTHY,

     Plaintiff,

v.

AMERICAN AIRLINES, INC.,
AMERICAN EAGLE AIRLINES, INC.,
and EXECUTIVE AIRLINES, INC.,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR
## PARTIAL SUMMARY JUDGMENT ON BURDEN OF PROOF

**THIS CAUSE** is before the Court upon Plaintiff Kevin McCarthy's Motion for

Partial Summary Judgment on Burden of Proof [DE 151]. The Court has considered

the Motion, Plaintiff's Statement of Undisputed Material Facts [DE 152], Defendants'

Memorandum in Opposition [DE 175], Defendants' Response to Plaintiff's Statement of

Undisputed Material Facts [DE 176], and the record, and is otherwise fully advised in

the premises.

In this Motion, Plaintiff seeks partial summary judgment as to the burden of proof

that is applicable, as a matter of law, in this case. However, as Defendants argue in

their Response, this question of law is not properly the subject of an entry of judgment.

Plaintiff is not seeking an entry of judgment as to any of its claims, but rather appears to

be requesting that the Court issue an Order under Federal Rule of Civil Procedure

56(d), which "'provides a method whereby a court can narrow issues and facts for trial

after denying in whole or part a motion properly brought under Rule 56's other

provisions.'" Warner v. United States, 698 F. Supp. 877, 879 (S.D. Fla. 1988).
However, a party may not make an independent Rule 56(d) motion; this rule simply
provides an avenue for the Court to "'salvage some results from the judicial effort
involved in the denial of a motion for summary judgment.'" Id. Thus, because Plaintiff
has not sought final summary judgment on any of its claims under Rule 56, it would not
be appropriate for the Court to grant Plaintiff's Motion under Rule 56(d). Even if it were
appropriate to do so, however, an order entered pursuant to Rule 56(d) is simply that:
an order, not a judgment. The policy reason behind this distinction is "the disfavor
afforded piecemeal, interlocutory appeals." In re Air Crash Disaster Near Warsaw,
Poland on May 9, 1987, 979 F. Supp. 164, 167 (E.D.N.Y. 1997). The Court notes that
Plaintiff has not filed a Reply brief, and did not cite any law to the contrary in his original
Motion.

Accordingly, the Court concludes that an entry of summary judgment on the
issue of burden of proof, as requested by the Plaintiff, is not appropriate under the
Federal Rules of Civil Procedure, and because Plaintiff has not sought summary
judgment as to any of its claims under Rule 56(a), the Court may not enter an Order
under Rule 56(d) limiting the issues for trial by ruling on the appropriate burden of proof.
Given that the Defendants have conceded that Plaintiff's Motion states the correct
burden of proof to be applied in this case, however, the Court does not anticipate any
real dispute on this issue. However, to the extent that Defendants' currently pending
Motion for Summary Judgment provides an avenue through which the Court may enter
such an order ruling on the burden of proof, the Court will do so. Accordingly, it is
hereby

2

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary

Judgment on Burden of Proof [DE 151] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 23ᴿᴰ day of June, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

3